UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLENIS GRULLON,

                    Plaintiff,

-against-

CITY OF NEW YORK, CHARLES McGEEAN, and
FERNAND CLERGE,

                    Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL TRIABLE ISSUES**

CV-06 0969

KORMAN, CH. J.

POLLAK, M.J.

      Plaintiff, **GLENIS GRULLON**, by her attorneys **WILENS & BAKER**, original attorneys, and **TAUB & MARDER, ESQS.**, attorneys of record and trial counsel, complaining of Defendants, **CITY OF NEW YORK, CHARLES McGEEAN**, and **FERNAND CLERGE**, respectfully alleges, upon information and belief:

      1.    That at all times herein mentioned, Plaintiff, **GLENIS GRULLON** was, and still is, a resident of the County of Kings, City and State of New York.

      2.    That upon information and belief, at all times mentioned herein, Defendant, **CHARLES McGEEAN**, was and still a New York City Police Officer employed by Defendant, **CITY OF NEW YORK**.

      3.    That upon information and belief, at all times mentioned herein, Defendant, **FERNAND CLERGE**, was and still a New York City Police Officer employed by Defendant, **CITY OF NEW YORK**.

4. That at all times herein mentioned, Defendant, **CITY OF NEW YORK,** was, and still is, a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5. That prior to commencement of this action and within ninety (90) days after the happening of the occurrence herein, plaintiff served Notices of Claim in writing upon Defendants, **CITY OF NEW YORK, CHARLES McGEEAN, and FERNAND CLERGE.**

6. That although more than thirty (30) days have elapsed since service of said notices of claim and notices of intention to commence an action, said Defendants have failed, neglected and refused to pay said claim or adjust same.

7. That Defendants, **CITY OF NEW YORK, CHARLES McGEEAN,** and **FERNAND CLERGE** had the right to demand and conduct statutory hearings pursuant to §50-h of the General Municipal Law.

8. That prior hereto Defendant, **CITY OF NEW YORK** demanded said statutory hearing of Plaintiff, **GLENIS GRULLON** pursuant to §50-h of the General Municipal Law and conducted same on March 2, 2006.

9. That although Defendants, **CHARLES McGEEAN** and **FERNAND CLERGE** had the right to demand and conduct statutory hearings pursuant to §50-h of the General Municipal Law, said defendants failed, neglected, and/or refused to notice or demand same and accordingly waived their rights to conduct same.

10. That, Defendants, **CHARLES McGEEAN,** and **FERNAND CLERGE,** never demanded any type of statutory hearing of Plaintiff, **GLENIS GRULLON,** and accordingly waived any and all such rights.

11.     That this action is being commenced within one year after accrual of this cause of action, and within the time prescribed by law.

12.     That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON** was driving a motor vehicle to her home when she was stopped at or near the intersection of Myrtle Avenue and Irving Avenue, Brooklyn, New York by New York City Police Officers, defendants, **CHARLES McGEEAN and FERNAND CLERGE.**

13.     That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON** was driving a motor vehicle to her home when she was stopped at or near the intersection of Myrtle Avenue and Irving Avenue, Brooklyn, New York by New York City Police Officers, defendants, **CHARLES McGEEAN and FERNAND CLERGE** while in the scope and furtherance of their duties and employment with Defendant, **CITY OF NEW YORK.**

14.     That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON** was driving a motor vehicle to her home when she was stopped at a red traffic light at or near the intersection of Myrtle Avenue and Irving Avenue, Brooklyn, New York by New York City Police Officers, defendants, **CHARLES McGEEAN and FERNAND CLERGE** for no legal or legitimate reason.

15.     That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON** while driving a motor vehicle to her home and stopped at a red traffic light at or near the intersection of Myrtle Avenue and Irving Avenue, Brooklyn, New York by New York City Police Officers, defendants, **CHARLES McGEEAN and FERNAND CLERGE** for no legal or legitimate reason, was instructed by said officers her to pull her vehicle over and which immediately complied.

16.     That on November 20, 2005, Defendants, **CHARLES McGEEAN and FERNAND**

CLERGE, after stopping Plaintiff, **GLENIS GRULLON**, for no legal or legitimate reason and directing her to pull her vehicle over, then approached Plaintiff and not only asked for identification (driver's license and registration) but proceeded to make personal comments about Plaintiff as well as engage in unconsented touchings of Plaintiff's body.

17. That on November 20, 2005, Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, after stopping Plaintiff, **GLENIS GRULLON**, for no legal or legitimate reason and directing her to pull her vehicle over, then approached Plaintiff and not only asked for identification (driver's license and registration) but proceeded to make personal comments about Plaintiff as well as engage in unconsented touchings of Plaintiff's body while in the scope of their duties and employment with Defendant, **CITY OF NEW YORK**.

18. That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON**, while driving a motor vehicle to her home and subsequently stopped at a red traffic light at or near the intersection of Myrtle Avenue and Irving Avenue, Brooklyn, New York by New York City Police Officers, defendants, **CHARLES McGEEAN and FERNAND CLERGE** for no legal or legitimate reason, said officers, after instructing her to pull her vehicle over to which she immediately complied, then approached Plaintiff and not only asked for identification (driver's license and registration) but proceeded to make personal comments about Plaintiff as well as engage in unconsented touchings of Plaintiff's body and subsequently said officers, Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, followed Plaintiff to her home located at 1192 Bushwick Avenue, Brooklyn, New York, inquiring as to who was in the apartment.

19. That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON** following the aforementioned actions by Defendants, **CHARLES McGEEAN and**

4

FERNAND CLERGE and believing that these police officers were searching for someone related to law enforcement activities, cooperated and allowed the officers to enter her apartment.

20. That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON** following the aforementioned actions by Defendants, **CHARLES McGEEAN and FERNAND CLERGE** and believing that these police officers were searching for someone related to law enforcement activities, cooperated and allowed the officers to enter her apartment, where said officers then again engaged in further unconsented touching of Plaintiff, including fondling her breasts, while Plaintiff struggled to extricate herself.

21. That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON** following the aforementioned actions by Defendants, **CHARLES McGEEAN and FERNAND CLERGE** and believing that these police officers were searching for someone related to law enforcement activities, cooperated and allowed the officers to enter her apartment, where said officers then again engaged in further unconsented touching of Plaintiff, including fondling her breasts, while Plaintiff struggled to extricate herself at which time one of the defendant officers exposed his penis and forced Plaintiff's head down into a position to compel her to perform fellatio, while Plaintiff continued to struggle and resist.

22. That on November 20, 2005, at approximately 2:30 a.m. Plaintiff, **GLENIS GRULLON** following the aforementioned actions by Defendants, **CHARLES McGEEAN and FERNAND CLERGE** and believing that these police officers were searching for someone related to law enforcement activities, cooperated and allowed the officers to enter her apartment, where said officers then again engaged in further unconsented touching of Plaintiff, including fondling her breasts, while Plaintiff struggled to extricate herself at which time one of the defendant

officers then exposed his penis and forced Plaintiff's head down into a position to compel her to perform fellatio, while Plaintiff continued to struggle and resist after which time one of said Defendant officers eventually began masturbating and ejaculated over Plaintiff, her clothes, and onto the floor.

23.  That all of the acts by Defendants, **CHARLES McGEEAN and FERNAND CLERGE** performed on November 20, 2005 at approximately 2:30 a.m. involving Plaintiff, **GLENIS GRULLON** were performed in the scope of their employment with Defendant, **CITY OF NEW YORK**.

24.  That the aforesaid acts and/or omissions of the Defendant, **NEW YORK CITY** and police officers, Defendants, **CHARLES McGEEAN and FERNAND CLERGE** resulted in the unlawful and unconsented touching of Plaintiff's, **GLENIS GRULLON**, body in a sexually explicit manner and unlawful search of her person and home by Defendants, Police Officers **CHARLES McGEEAN and FERNAND CLERGE** while in the scope of their employment with Defendant, **CITY OF NEW YORK**, assault & battery, sexual harassment; intentional infliction of emotional distress, negligence, carelessness, negligent supervision, negligent entrustment of police officers who couched their activities, trust by Plaintiff, and her cooperation under the disguise of further police business, when in fact and while on their tour of duty, then assaulted, battered, and made sexual advances and contact with Plaintiff, all of which was totally unconsented to by Plaintiff, violation of civil rights under applicable statutory law including but not limited to 42 USCS §1983 under color of State Law, and New York Civil Rights Law §40-c, resulting in utter humiliation, embarrassment, lack of trust, conscious pain and suffering of both body and particularly mind, serious and profound psychological trauma resulting in permanent psychiatric residuals, manifestations and overlay with

periods of uncontrolled sobbing, depression, feelings of worthlessness, lessening of self-esteem, betrayal of trust, which will have life long effects upon Plaintiff including but not limited to her ability to relate to others and particularly male figures, inability to resume a normal and productive life, future sexual and romantic relationships, special damages, and loss of enjoyment of life, all of which are set forth in detail the enumerated causes of action set forth hereinbelow.

25. That the amount of damages sought herein, exclusive of interest and costs, exceeds the jurisdictional limits of all lower Courts, which would otherwise have jurisdiction.

26. That the amount of damages sought herein on each of the respective causes of action exceeds $75,000.00 exclusive of interests, costs and disbursements.

27. That Federal Jurisdiction invoked herein is based upon Defendants' violation of Federal Statutes including but not limited to 42 U.S.C. §1983.

28. Venue of this action in the Eastern District of New York is proper pursuant to 42 U.S.C. §1983.

### AS AND FOR A FIRST CAUSE OF ACTION FOR SEXUAL HARASSMENT IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSITUTION AND 42 U.S.C. §§ 1983

29. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

30. That Defendants, **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE** acting jointly and severally, subjected plaintiff to sexual harassment and sexual assault of the plaintiff that deprived plaintiff of her right to be free from state-occasioned bodily harm and sexual assault in violation of the due process clause and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

31. That Defendants', **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, actions discriminated against plaintiff on the basis of sex and deprived plaintiff of her right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution, and under 42 U.S.C. § 1983.

32. That Defendants', **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, actions constituted an illegal search of Plaintiff's person and private dwelling in violation of the Fourth Amendment to the United States Constitution, and under 42 U.S.C. § 1983.

33. That Defendants', **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, actions complained of herein were undertaken under color of state law, while said officers, **CHARLES McGEEAN and FERNAND CLERGE**, were on duty as New York City police officers, in full NYPD uniform, and traveling in a marked NYPD vehicle.

34. That Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, entered Plaintiff's home under the false pretense of police duty, claiming to be looking for another person in her home and/or claiming to be entering for her safety.

35. That Defendant, **CITY OF NEW YORK**, acted intentionally, willfully, knowingly and purposely, with specific intent of depriving plaintiff of her Fourteenth Amendment rights.

36. That Defendant, **CITY OF NEW YORK**, in its supervision of Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, and its failure to seriously investigate, monitor, or otherwise respond to prior allegations of wrongdoing regarding Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, behavior, were deliberately indifferent to plaintiff's established rights under the United States Constitution.

37. That Defendant, **CITY OF NEW YORK**, adopted and maintained a practice, custom, or policy of deliberate or reckless indifference to instances of known or suspected sexual impropriety and/or assault of females by Defendants, **CHARLES McGEEAN and FERNAND CLERGE.**

38. That, by reason of the foregoing, Plaintiff, **GLENIS GRULLON**, has been damaged in a sum in excess of the jurisdictional limits of all lower Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR SEXUAL HARASSMENT IN VIOLATION OF STATE LAW

39. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

40. That Defendants', **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, actions in subjecting plaintiff to sexual harassment and assault deprived plaintiff of her right to equal protection of the laws of the State of New York as guaranteed by New York Civil Rights Law § 40-c.

41. That Plaintiff served notice of her complaint upon the Attorney General for the State of New York pursuant to New York Civil Rights Law § 40-d on or about February 23rd, 2006.

42. That, by reason of the foregoing, Plaintiff, **GLENIS GRULLON**, has been damaged in a sum in excess of the jurisdictional limits of all lower Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

44. That on November 20, 2005, Defendants, **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, engaged in extreme and outrageous conduct as more fully described hereinabove which caused plaintiff mental and emotional distress.

45. That by engaging in such conduct, Defendants, **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, intended to cause or recklessly caused plaintiff to suffer mental and emotional distress.

46. That Defendant, **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, including their purported prior acts of sexual harassment and other related inappropriate behavior.

47. That Defendant, **CITY OF NEW YORK**, failed to take all reasonable steps to eliminate the aforesaid conduct of Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, towards the female public including plaintiff and to prevent it from occurring in the future.

48. That as a direct and proximate cause of Defendants' intentional infliction of emotional distress of the plaintiff, Plaintiff, **GLENIS GRULLON**, has suffered great humiliation, which has manifested in mental and physical illness and emotional distress.

49. That as a further and direct and proximate result of Defendants' intentional infliction of emotional distress of the plaintiff, Plaintiff, **GLENIS GRULLON**, has suffered extreme mental

anguish, outrage, severe anxiety, painful embarrassment, disruption of her like and loss of enjoyment of the ordinary pleasures of everyday life.

50. That, by reason of the foregoing, Plaintiff, **GLENIS GRULLON**, has been damaged in a sum in excess of the jurisdictional limits of all lower Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR ASSAULT AND BATTERY

51. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

52. That on November 20, 2005, while on a routine trip operating a motor vehicle to her home, Defendants', **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, unlawfully touched Plaintiff, **GLENIS GRULLON**, which was unconsented including compelling her to participate in oral sex.

53. That on November 20, 2005, Defendants, **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, assaulted plaintiff and battered her with force and violence, which Plaintiff observed, interpreted with great apprehension and fear, against plaintiff's will.

54. That Defendant's, **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, actions were willful, intentional and unwarranted, and were without just cause or provocation.

55. That Defendant's, **CHARLES McGEEAN and FERNAND CLERGE**, actions were made within the scope of their employment with Defendant, **CITY OF NEW YORK**.

56. That Defendant, **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, related to their aforementioned prior sexual acts with other females as well as plaintiff herein.

57. That Defendant, **CITY OF NEW YORK**, failed to take all reasonable steps to eliminate sexual abuse and assault and battery from occurring by its police officers including uniformed Police Officers, Defendants, **CHARLES McGEEAN and FERNAND CLERGE** in their endeavors to perform necessary police work to protect and defend the safety of individuals and property.

58. That as a direct, proximate cause of Defendants' sexual assault and battery of the plaintiff, the plaintiff has suffered great humiliation, which has manifested in mental and physical illness and emotional distress.

59. That as a further and direct and proximate result of Defendants' sexual assault and battery of the plaintiff, Plaintiff, **GLENIS GRULLON**, has suffered extreme mental anguish, outrage, severe anxiety, painful embarrassment, disruption of her like and loss of enjoyment of the ordinary pleasures of everyday life.

60. That, by reason of the foregoing, Plaintiff, **GLENIS GRULLON**, has been damaged in a sum in excess of the jurisdictional limits of all lower Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK FOR NEGLIGENT SUPERIVISION AND NEGLIGENT ENTRUSTMENT

61.     That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

62.     That at all times mentioned herein, upon information and belief, Defendant, **CITY OF NEW YORK**, had a duty to supervise and control the police officers under its charge and to provide plaintiff with a safe environment in which to travel and live, free from injustice and unwarranted interference, sexual harassment, assault, battery and/or attacks by police officers upon her, and knew or should have known of the dangerous propensities, reputation and prior bad acts of Defendants-Police Officers, **CHARLES McGEEAN and FERNAND CLERGE**.

63.     That on November 20, 2005, Plaintiff was caused serious mental, and/or physical injuries when Defendants, **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, assaulted and sexually harassed plaintiff by making inappropriate, offensive, and unwanted comments to her of a sexual nature as well as all other actions as more full described hereinabove.

64.     That it was the duty of Defendant, **CITY OF NEW YORK**, to safeguard against such incidents, and Defendant, **CITY OF NEW YORK**, through its agents and/or employees disregarded this duty and negligently, irresponsibly, carelessly and/or intentionally permitted plaintiff to sustain injury by Defendants-Police Officers, **CHARLES McGEEAN and FERNAND CLERGE**, whose dangerous propensities, reputation and prior bad acts were or should have been known to Defendant, **CITY OF NEW YORK**, by and through its agents and/or employees, and said

failures to safeguard against Defendants', **CHARLES McGEEAN and FERNAND CLERGE**, behavior caused Plaintiff, **GLENIS GRULLON**, injuries.

65. That as a direct and proximate cause of Defendants' negligence in entrusting Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, with the supervision, direction and control of the general public including females, and specifically plaintiff herein, Plaintiff, **GLENIS GRULLON**, by authorizing them and providing them with indicia to provide certain police procedures, has suffered great humiliation, which has manifested in mental and/or physical illness and emotional distress.

66. That as a further, direct and proximate result of Defendants' negligence in supervision, reasonable investigation, inquiry and entrustment of Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, in their professional capacity, Plaintiff, **GLENIS GRULLON**, has suffered extreme mental anguish, outrage, severe anxiety, painful embarrassment, disruption of her like and loss of enjoyment of the ordinary pleasures of everyday life.

67. That, by reason of the foregoing, Plaintiff, **GLENIS GRULLON**, has been damaged in a sum in excess of the jurisdictional limits of all lesser Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS FOR STATUTORY ATTORNEYS FEES

68. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

69. That as a direct and proximate result of Defendants', **CHARLES McGEEAN and FERNAND CLERGE**, sexual harassment and other related sexual exploits of the plaintiff performed in the scope of their employment with Defendant, **CITY OF NEW YORK**, Plaintiff, **GLENIS GRULLON**, has suffered the indignity of discrimination, the invasion of her rights to be free from discrimination, and great humiliation, which has manifested in mental and physical illness and/or emotional distress necessitating professional care and treatment.

70. That Defendant, **CITY OF NEW YORK**, herein, knew or should have known that Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, had deviant sexual proclivities and would attempt to seduce and compromise the integrity of young females, including Plaintiff, in the position of authority and power said officers held.

71. That, by reason of the foregoing and in conformity with statutory laws including those statutes identified hereinabove, Plaintiff's, **GLENIS GRULLON**, Counsel requests attorney's fees in a sum not to exceed TEN ($10,000,000) MILLION DOLLARS be awarded in addition to those fees set forth in Plaintiff's original retainer agreement.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS FOR PUNITIVE DAMAGES

72. That at all times herein mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

73. That Defendant's, **CITY OF NEW YORK**, failures, neglect and/or refusals to advise plaintiff that she was being confronted and placed in the company of a known sexual deviants, Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, who Defendant, **CITY OF NEW YORK**, knew or should have known had behaved inappropriately towards and/or sexually harassed

15

other females, including Plaintiff, **GLENIS GRULLON**, demonstrated a gross and reckless indifference to human life, safety, welfare, health and well being, including that of Plaintiff, **GLENIS GRULLON**.

74. That Defendant's, **CITY OF NEW YORK**, failures, neglect and/or refusals to advise plaintiff that she was being confronted and placed in the company of a known sexual deviants, Defendants, **CHARLES McGEEAN and FERNAND CLERGE**, who Defendant, **CITY OF NEW YORK**, knew or should have known had behaved inappropriately towards and/or sexually harassed other females, including Plaintiff, **GLENIS GRULLON**, demonstrated a gross and reckless indifference to human life, safety, welfare, health and well being, including that of Plaintiff, **GLENIS GRULLON**, demonstrated a gross and reckless indifference to human life, safety, welfare, health and well being, including that of Plaintiff, **GLENIS GRULLON**, for which the Defendants are liable for PUNITIVE DAMAGES.

75. That as a result of the foregoing, Plaintiff, **GLENIS GRULLON**, seeks PUNITIVE DAMAGES, against Defendants, **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE**, in the sum of FIFTY MILLION ($50,000,000.00) for their wanton, willful and reckless behavior.

WHEREFORE, plaintiff prays that judgment be entered in her favor and against Defendants, **CITY OF NEW YORK, CHARLES McGEEAN and FERNAND CLERGE,** as follows:

A. As for the first cause of action under 42 U.S.C. § 1983 for violations of the 4th and 14th Amendment of the United States Constitution, Plaintiff, **GLENIS GRULLON**, demands judgment against the Defendants herein in a sum in excess of the jurisdictional limits of all lower

Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

B.   As for the second cause of action for violation of New York Civil Rights Law §40-c, Plaintiff, **GLENIS GRULLON**, demands judgment against the Defendants herein in a sum in excess of the jurisdictional limits of all lower Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

C.   As for the third cause of action for intentional infliction of emotional distress, Plaintiff, **GLENIS GRULLON**, demands judgment against the Defendants herein in a sum in excess of the jurisdictional limits of all lower Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

D.   As for the fourth cause of action for negligent supervision and negligent entrustment, Plaintiff, **GLENIS GRULLON**, demands judgment against the Defendants herein in a sum in excess of the jurisdictional limits of all lower Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

E.   As for the fifth cause of action for statutory attorneys fees, Plaintiff's, **GLENIS GRULLON**, Attorney demands judgment against the Defendants herein in a sum in excess of the jurisdictional limits of all lower Court(s) which would otherwise have jurisdiction and in conformity with New York's Civil Practice Laws and Rules (CPLR) §3017(c) and/or in the sum of TEN ($10,000,000) MILLION DOLLARS.

F.  As for the sixth cause of action for punitive damages, Plaintiff, **GLENIS GRULLON**, demands judgment against the Defendants herein in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS, together with the cost, disbursements, and interest.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

## SERVICE OF LEGAL DOCUMENTS

All legal documents are to be served on the law offices of TAUB & MARDERS, ESQS., 450 Seventh Avenue, 37th Floor, New York, NY 10123.

Dated: New York, New York
       March 3, 2006

Yours, etc.

_(signature)_

ELLIOT H. TAUB (ET3540)
TAUB & MARDER, ESQS.
Attorneys of Record and Trial Counsel
for Plaintiff
GLENIS GRULLON
450 Seventh Avenue, 37th Floor
New York, New York 10123
(212) 967-1122

_(signature)_

MICHAEL WILENS (MW3369)
WILENS & BAKER, P.C.
Original Attorneys for Plaintiff
GLENIS GRULLON
450 Seventh Avenue, 12th Floor
New York, NY, 10123
(212) 695-0060

## ATTORNEY'S VERIFICATION

ELLIOT H. TAUB, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at TAUB & MARDER, ESQS., attorneys for Plaintiff, GLENIS GRULLON, I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

DATED:   New York, New York
         March 3, 2006

_____
ELLIOT H. TAUB (ET3540)